UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| In re: | Case No. 12-33898 |
|---|---|
| **ROGELIO AND MARIA TORREZ** | Judge Richard L. Speer |
| **Debtors.** | **CHAPTER 13 PLAN** |
| | Deborah Spychalski(0061986)<br>PO Box 711<br>500 Madison Avenue, Suite 525<br>Toledo, Ohio 43697<br>(419) 243-9424<br>(419) 244-0454 (Fax)<br>Dk_spychalski@yahoo.com<br><br>Attorney for Debtors |

The Debtors propose as follows for the Chapter 13 Plan:

**Payments to the Trustee:**
The future earnings or other future income of the Debtors is submitted to the supervision and control of the Trustee. The Debtor shall pay to the Trustee the sum of $320.00 each month until confirmation and $675.00 each month after confirmation for a total of 60 months.

The Plan length is 60 months.

Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

Secured claims shall retain their mortgage, lien or security interest in collateral until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under 11 USC Section 1328.

Creditors who have co-signors, co-makers, or guarantors (Co-Obligors") from whom they are enjoined from collection under 11 USC Section 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

I. From payments received under the plan, the Trustee shall make disbursements as follows:

**Administrative Expenses:**

Trustee Fee: 10%
Attorney Fee: $364

**Priority Claims:**

Domestic Support Obligations
    NONE
Pursuant to 11 USC Section 507 and 1322, the following domestic support obligation claims are assigned to, owed to, or recoverable by a government unit: NONE

Other Priority Claims (IRS, et al., as set forth in the code as priority): 100%.

**Secured Claims**

The Trustee shall make payment directly to the following creditor:

One Main Financial: This creditor's claim shall be bifurcated. The amount to be paid as secured is based upon the fair market value of the 1998 F 150 pick up truck of $1,000 and will receive interest at the "Till" rate of 5% on only this amount. The balance of the debt shall be paid as an unsecured claim as set forth herein. The proof of claim of One Main Financial shall be viewed as and paid by the Trustee, only in the light of the amount remaining as the unsecured portion of the claim regardless of how the claim is filed (presumably as a "secured" claim in its entirety).

Pre-Confirmation Adequate Protection Payments.

Citimortgage: secured by a mortgage on the Debtor's residential property at 536 South Street, Toledo, Ohio, and, until confirmation, the post-petition payments are to be paid by the Debtor directly to the creditor.

Post-Confirmation Payments.

After confirmation, the Trustee is to pay post petition payments to Citimortgage. This creditor shall also be paid its allowable arrearage claim as set forth herein.

All post petition payments to be at the non-default rate of interest with no late charges assessed on post petition payments based upon the pre petition arrearage. Any claim for post petition expenses or charges must be set forth on a

supplemental claim to be filed within 60 days after the arrearage claim is paid by the Trustee.  In the event there are expenses or charges claimed after the expiration of the 60 day period during the pendency of the Chapter 13 proceeding supplemental claims must be filed within 60 days after the expenses or claim is incurred.  In the event there are any changes in the payments amounts the creditor must notify the Trustee of the changes before the anticipated change.

The Debtor proposes to cure default to the following creditors by means of monthly payments by the trustee:

Citimortgage Approximate amount to be cured: $12,000.00 with 0% interest.

### Unsecured Claims

Unsecured claims shall be paid 4%, prorata with no interest if the creditor has no Co-obligors.

II. The employer on whom the court will be requested to order payment withheld from earnings is:  None, Direct payment by Debtor

III. The executor contracts of the debtor are:  NONE

IV. Property to be surrendered to Secured Creditor:  NONE

V. The following liens shall be avoided pursuant to 11 USC Section 522 or other applicable law:  NONE

VI. Title to the Debtor's property shall revest in Debtor upon completion of the Plan.

VII. As used herein, the term "debtor" shall include both debtors in a joint case.

VIII. Other Provisions:

All tax refund monies, if any, (less preparation costs) received by the Debtor during the life of this Plan shall be submitted to the Trustee together with copies of the returns, beginning with tax year 2012 through 2016.

Payoff balances and interest rates for all creditors identified herein, are estimated for the purpose of preparing this plan and actual balances due and interest rates will be determined by contract and proofs of claim filed by those creditors.  If there are any objections to those amounts, they will be made through claim objections.

Debtor's Attorney having previously consented, all creditors having mortgages on Debtor's real estate shall recommence normal correspondence regarding the mortgage with the Debtor as was their normal business practice prior to the commencement of this case, including the issuance of coupon books and/or monthly statements, yearly escrow analyses, 1099's, and any and all other correspondence that would issue in the ordinary course of business. During this Chapter 13 case, the Debtor may attempt to enter into loss mitigation negotiations with the mortgage lender. This may result in an agreed modification of the Debtor's mortgage and shall be disclosed to the Court and Trustee.

    /s/Rogelio Torrez_____
Rogelio Torrez
    /s/Maria   Torrez_____
Maria Torrez

Date:AUGUST 24, 2012